This case is before the court without oral argument on the motion of respondent United States Government to dismiss, or in the alternative to suspend proceedings. The issue presented is whether this court should exercise jurisdiction and hear petitioner’s appeal now, or first require petitioner to exhaust his administrative remedies. For the reasons discussed herein, we grant respondent’s motion to suspend proceedings pending final administrative proceedings.
Petitioner Ralph E. Shryock was employed by the Army as a GS-08 Motor Vehicle Operator at Fort Leonard Wood, Missouri. On October 12, 1979, the Army initiated a Standard Form (SF) 52, requesting the removal of petitioner for leaving his government vehicle unattended with the motor running on September 25, 1979. The October, 12, SF 52 was then withdrawn, and on December 5,1979, a second SF 52 was completed, proposing petitioner’s removal for the abandoned vehicle incident and for the additional reasons of absence without leave on six occasions and for violation of certain administrative procedures. On December 14, 1979, petitioner received this second notice of proposed removal. On January 3,1980, petitioner orally responded to the charges, and on January 30, 1980, Colonel Beaufort *776 Kalt, then chief of staff at Fort Leonard Wood, decided to remove petitioner from his position.
Petitioner, as a member of a bargaining unit represented by the National Association of Government Employees, had the option of appealing his removal to the Merit Systems Protection Board under 5 U.S.C. §§ 7512, 7513, 7701 (Supp. IV 1980), or instituting grievance proceedings under 5 U.S.C. §7121 (Supp. IV 1980). Petitioner chose the grievance procedure — a three-step process detailed in his bargaining unit agreement between the Army and petitioner’s union.
By agreement the parties commenced the grievance procedure at the third step on March 5, 1980. Petitioner’s union representative chose to discuss two procedural defects by contending both the Army’s issuance of the SF 52 more than 10 days after the triggering incident, and the failure of the Army to render a final decision within 15 days of the employee’s response violated procedures mandated by the bargaining agreement. Petitioner failed to argue the merits of the removal. At this third step of the grievance procedure, the Army decided against petitioner on his procedural claims. Petitioner then requested arbitration. On June 24, 1980, a hearing was held before an arbitrator, and on September 12, 1980, the arbitrator issued his decision. The arbitrator held that although the Army had failed to comply with the specified time limitations, such action did not constitute harmful error. The arbitrator went on to hold that the merits of petitioner’s removal also should have been raised at the third step of the grievance procedure. However, the arbitrator reasoned petitioner’s failure to argue the merits was not a bar to a subsequent grievance on those merits. The arbitrator then remanded the case to step 3 of the grievance procedure for consideration of the merits of petitioner’s removal. On October 14, 1980, petitioner filed a petition with this court for review of the arbitrator’s decision. Respondent thereupon filed on April 6, 1981, pursuant to Rule 178, a motion to dismiss or in the alternative to suspend proceedings based on petitioner’s failure to exhaust his administrative remedies.
We agree with the government that petitioner has failed to exhaust his administrative remedies in this case. There *777 are a number of factors that persuade us to require exhaustion. Petitioner has attempted to pursue a bifurcated grievance by initially contesting only the procedures used to discharge him and saving a merits determination for another occasion. For this court to hear only the appeal of the procedural issues would be a piecemeal approach that would waste judicial time and resources. On the other hand, by requiring exhaustion, this court would hear the entire case after all the issues had received a hearing at the grievance level. And a favorable determination at the grievance level would moot petitioner’s appeal on the procedural issues. Additionally, in establishing judicial review for decisions adversely affecting federal employees, Congress established a statutory scheme that initially requires an administrative hearing followed by judicial review after completion of the administrative process. Failure to require exhaustion would result in a premature interruption of the administrative process and would be inefficient. See McKart v. United States, 395 U.S. 185 (1969).
In Aircraft & Diesel Equipment Corp. v. Hirsch, 331 U.S. 752, 773 (1947), the Supreme Court stated exhaustion might not be required if the available remedy is inadequate to prevent irreparable injury. By suspending the proceedings in this case, petitioner’s procedural claim will be preserved, should he decide to appeal it after all his administrative grievances are pursued. Petitioner also contends that somehow, if exhaustion is required, he must defend against the three reasons supporting his removal used in the December 14, 1979, letter of proposed removal. Petitioner then argues that if the proper procedures had been followed, he would only have had to defend the charge of leaving his vehicle unattended. Thus, says petitioner, since he will have to defend three charges instead of one, his chances of the removal being sustained are greater. We do not agree that exhaustion will increase the likelihood of petitioner’s removal. Upon final appeal, this court will be able to adjudicate the propriety of the procedures used and fashion a proper remedy should we find the procedures were improper. We are thus convinced that exhaustion in this case, based on both statutory grounds and prudential *778 concerns, does not place an unjustified and impermissible burden on petitioner.
Therefore, respondent’s motion to suspend proceedings in this court pending a final administrative decision on the merits of petitioner’s case is granted. Petitioner’s counsel is instructed to inform this court of the status of the administrative proceeding every 6 months.
IT IS SO ORDERED.